UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARY PORTER

    Plaintiff,

vs.

CARNIVAL CORP., d/b/a
CARNIVAL CRUISE LINES, INC.,

    Defendant.
_____/   FBN: 0279897

## COMPLAINT

COMES NOW, the Plaintiff, MARY PORTER, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC. and further states as follows:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. Plaintiff, MARY PORTER, is *sui juris*, and a citizen and resident of the state of Texas.

3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. At all times material Defendant CARNIVAL CORPORATION does business under the fictitious name of CARNIVAL CRUISE LINES, INC. For jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. 1332, as alleged above, because there is complete diversity of citizenship between the parties and the amount of damages claimed exceeds $75,000.00 which is the minimum jurisdictional amount required for diversity of jurisdiction cases. In addition, jurisdiction

also exists pursuant to 28 U.S. C. 1333 because this is a maritime cause of action.

5. At all times material hereto, the Defendant has conducted ongoing, substantial and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7. In its ticket contract with Plaintiff, Defendant requires fare-paying passengers like Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper.

8. Venue is also proper in this district because the Defendant's principal place of business is located within this district.

## GENERAL ALLEGATIONS

9. Plaintiff has complied with all conditions precedent to bringing this action. This lawsuit is being brought pursuant to an express extension of the applicable statute of limitations.

10. Defendant owed Plaintiff a duty of reasonable care in the circumstances.

11. On or about November 12, 2019, the Plaintiff was injured aboard Defendant's cruise ship CARNIVAL HORIZON as a result of a wet and unreasonably slippery deck or floor.

12. On the aforesaid date, Defendant owned and/or operated the CARNIVAL HORIZON.

## COUNT ONE-NEGLIGENT MAINTAINANCE OF THE FLOOR OR DECK

13. Plaintiff reavers and realleges paragraphs One through Twelve as if set forth herein.

14. On the aforesaid date, the Plaintiff entered the Lido Marketplace from the outside where it had been raining.

15. As Plaintiff entered the Lido Marketplace, she was caused to slip and fall on water that apparently had been tracked into the ship by other passengers coming in from the outside where it had been raining.

16. Although Defendant had placed mats and towels and watch your step signs at other entrances to the Lido Marketplace, it failed to do so at the entrance where Plaintiff entered the ship.

17. The Defendant failed to exercise reasonable care in the circumstances by failing to have rugs or mats or towels at the entrance to the Lido Marketplace though it had ample and sufficient time to do so and there were numerous crew members in the area that should have seen placed towels or mats at the entrance as they had done at other entrances to the Lido Marketplace.

18. The floor in the Lido Marketplace was made unreasonably slippery by the presence of water on the floor and the fact that the floor did not have a non-slip surface and was unreasonably slippery when wet.

19. On or about the aforesaid date, Plaintiff suffered serious personal injury while he was aboard CARNIVAL HORIZON by reason of an unreasonably dangerous and slippery when wet floor in the Lido Marketplace.

20. The floor or deck was unreasonably slippery because it was wet and/or because Defendant knew or should have known through the exercise of reasonable care in the circumstances that the floor in the area where Plaintiff slipped and fell was unreasonably slippery and dangerous when wet.

21. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

    a.    Failing to properly maintain a floor on a passenger deck in a reasonably safe, dry and non-slippery condition, and/or;

    b.    Failing to properly and safely train crew members in the care and maintenance of a floor in a public area, and/or;

    c.    Failing to conduct routine safety inspections on a floor in a public area to determine if the floor was unreasonably slippery when wet, and/or;

    d.    Failing to assign a sufficient number of crew members to keep a floor in a public area in a clean and dry condition, and/or;

    e.    Failing to place non-slip mats on a slippery walking surface which would eliminate a known hazard, and/or;

    f.    Failing to warn Plaintiff of an unreasonably slippery when wet public lounge floor, and/or;

    h.    Failing to warn Plaintiff of a wet public Lido Marketplace floor, and/or;

22.    At all times material, the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph twenty to have caused or contributed to causing Plaintiff's injury.  In addition, Defendant, is vicariously liable for the failure of crew members not placing mats or towels at the entrance and not placing a wet floor sign where Plaintiff slipped and fell.

23.    As a result of the foregoing, the Plaintiff was seriously injured when she was caused to slip and fall on the floor at the entrance to the Lido Marketplace.  Plaintiff suffered a knee injury and required surgery.  The Plaintiff was unaware that the floor was wet and was unreasonably and dangerously slippery when wet.

24. At all times material hereto, the Plaintiff acted with reasonable care for her own safety and was walking carefully and cautiously but still slipped and fell.

25. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and/or unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise.  Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.  Jury trial is demanded.

## COUNT TWO- NEGLIGENT DESIGN AND CONSTRUCTION

26. Plaintiff reavers and realleges Paragraphs 1-12 and 18-20 as if set forth herein.

27. Defendant CARNIVAL actively participated in the design and construction of CARNIVAL HORIZON. Defendant, through its new-build department, in-house engineers, architects, designers and others actively participated in the design and construction of the flooring which caused Plaintiff's injury and chose or participated in choosing the materials such as the flooring/decking where the incident occurred

28. Defendant contracted with design firms to design and construct the floor where this incident occurred, contracted with the shipyard to build the ship, stationed representatives at the shipyard to oversee construction and design elements, and through the contract documents and relationship as owner had the ultimate ability to reject or accept the design, construction and materials used on the floor where Plaintiff slipped and fell.

29. Defendant was negligent in the design, construction, inspection and approval process of the ship for failing to select, construct and/or design flooring in the passenger bathroom which was and is reasonably safe in the circumstances when it was wet.

30. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the deck in the area where Plaintiff slipped and fell was unreasonably slippery and dangerous when wet.

31. As a result of the negligence of the Defendant as aforesaid, the Plaintiff slipped and fell on a wet and unreasonably slippery deck and was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

32. At all times material, Plaintiff acted with reasonable care for her own safety.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

## COUNT III-NEGLIGENT FAILURE TO WARN

33. Plaintiff reavers and realleges Paragraphs 1-12 and 18-20 as if set forth herein.

34. The Plaintiff was seriously injured when he was caused to slip and fall on a wet and unreasonably slippery floor in a public lounge.

35. In this case, although the floor was wet, no warning signs or cones had been placed in the area alerting Plaintiff to the unreasonably dangerous nature of the walking surface. After

Plaintiff slipped and fell, a crew member came right to the scene and placed a Wet Floor Watch Your Step sign where Plaintiff slipped and fell.

36. At all times material, Plaintiff was acting with due care for her own safety.

37. The Defendant failed to use reasonable care in the circumstances by failing to warn Plaintiff that the deck was wet and was unreasonably and dangerously slippery when it was wet.

38. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

39. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the floor where Plaintiff slipped and fell was wet and also was unreasonably slippery and dangerous when wet.

40. The dangerous conditions hereinbefore alleged were neither open nor obvious to Plaintiff.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

DATED this 17th day of July, 2021.

> PAUL M. HOFFMAN, ESQ.
>
> 2881 East Oakland Park Boulevard
> Fort Lauderdale, FL 33306
> Telephone: (954) 707-5040
> */s//Paul M. Hoffman, Esq.*